ORDER

PHIL LUJAN, Chief District Judge.
After several continuances, Plaintiff Dora S. Young’s Motion for Clarification came on for hearing on January 16, 2004. The Court has previously established jurisdiction of this matter.
The Court finds as a preliminary matter pursuant to the Election Ordinance that the minutes to Election Board meetings shall be promptly prepared within a reasonable amount of time and that the minutes are public records. Sac and Fox Nation Code of Laws, Tit. 12, § 108 requires the Election Board maintain complete and accurate minutes of its meetings and that such minutes shall be filed in the Tribal Secretary’s Office within 15 days after each meeting and shall be a public record open to inspection during regular business hours.
The Court must decide whether Sac and Fox Nation Code of Laws, Tit. 12, § 802 Contest Petition whether inspection of “documents” includes information about how and where voters voted and the identity of voters. The Court heard argu *489 ments from counsel. The Court then heard testimony from Landis McClelland, the Assistant Secretary of the Election Board, regarding the categories of records kept by the Election Board. The categories include the voter registration lists, the minutes to Election Board meetings, the list of absentee ballots requested, and a “black book” that serves as a cross-reference resource at the polling sight to prevent voter fraud and to preserve the integrity of the election. The Election Board also keeps a registration list signed by each voter at each of the three polling sites, a certification that a ballot box is emptied, and a certification for the absentee ballot box.
The Court holds that the voter registration lists and the minutes to Election Board meetings are public records and should be open to inspection by an contestant or other citizens of the Sac and Fox Nation as should the certifications regarding the ballot box being emptied and the absentee ballot box pursuant to Tit. 12, § 802. However, the other categories of records kept by the Election Board should remain confidential, including the list of absentee ballots requested, the “black book” for each site, and the signed registration list of voters who voted at each site.
The Court finds that the Sac and Fox Nation citizen’s right to cast a secret ballot outweighs the due process rights of a contestant in seeking to review “documents” which would otherwise indicate who voted and at which polling site. The Election Ordinance recognizes the privacy right. “All eligible voters shall be subject to vote by secret ballot ... The voter shall vote in privacy ...” Tit. 12, § 702 Method of Voting. It is the Indian way and cultural tradition of the Sac and Fox people as reflected in its laws to protect the confidentiality of voters to the extent that documents reveal how they voted. Even if someone chose not to vote, it is confidential information. In extraordinary circumstances, the Court would consider an in-camera review of the confidential records of the Election Board. However, it would take extraordinary circumstances for the Court to grant in-camera review of ballots. The Court respects the appointment of Election Board members under tribal law and the duty and powers that they carry out for the Nation. The Court notes the power of the Election Board to prescribe rules not inconsistent with the Election Ordinance as may be necessary or proper for the conduct of tribal elections. Tit. 12, § 111.
Regarding election procedure, candidates have a right to have a poll watcher at the polls. Tit. 12, § 208. The candidate has a right to keep count of voters, but they are not allowed to keep the names of voters as this may interfere with the voting process. See e.g. Tit. 12, §§ 208-210. Candidates are permitted to compare the final total count with the Election Board clerk. Each candidate has the right to have persons present to watch the tally and also compare their tallies with the Election Board. Tit. 12, § 706. They have the right to know how many spoiled ballots exist, but shall not participate in the discussions of determining which ballots are spoiled. Tit. 12, §§ 708-709. Fraud would have to be verified through an evidentiary hearing before the Court would intrude into the election process and grant an in-camera review of the confidential class of records. Tit. 12, §§ 801-804. Results of elections following an election contest as provided for by the Election Ordinance shall be final. Tit. 12, § 806.
IT IS SO ORDERED.